1  David T. Biderman (SBN 101577)
   DBiderman@perkinscoie.com
2  Simon M. Feng (SBN 295360)
   SFeng@perkinscoie.com
3  **PERKINS COIE LLP**
   1888 Century Park East, Suite 1700
4  Los Angeles, California 90067-1721
   Telephone: 310.788.9900
5  Facsimile:  310.788.3399

6  Thomas N. Abbott (SBN 245568)
   TAbbott@perkinscoie.com
7  **PERKINS COIE LLP**
   1120 N.W. Couch Street, Tenth Floor
8  Portland, Oregon 97209-4128
   Telephone: 503.727.2000
9  Facsimile:  503.727.2222

10 Attorneys for Defendants
   Fay Servicing, LLC and Entra Default Solutions, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| P2 OAKLAND CA LLC, | Case No. 5:21-cv-4089 |
| Plaintiff, | **NOTICE OF REMOVAL** |
| v. | |
| CIVIC FINANCIAL SERVICES, LLC, a California Limited Liability Company; FAY SERVICING, LLC, a Delaware Limited Liability Company; ENTRA DEFAULT SOLUTIONS, LLC, a Texas Limited Liability Company, EDWIN HEATH, an individual and DOES 1 through 100, inclusive, | |
| Defendants. | |

-1-                                                                   NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that defendants Fay Servicing, LLC ("Fay") and Entra Default Solutions, LLC ("Entra" or collectively "Defendants") hereby removes the above-captioned action from the Superior Court of California, County of Santa Cruz to the United States District Court for the Northern District of California, San Jose Division. Removal is based on 28 U.S.C. §§ 1332(d), 1441(a), and 1446. As grounds for removal, defendants state as follows:

**I.   THE STATE COURT ACTION**

On April 19, 2021, Plaintiff P2 Oakland CA, LLC ("Plaintiff") filed this putative class action in the Superior Court of the State of California, County of Santa Cruz, Case No. 21CV01006 (the "State Court Action").

Plaintiff asserts one cause of action for violation of the Small Landlord and Homeowner Relief Act (the "Act") based on allegations that Fay purposely misidentified the subject property as vacant and used that misidentification as a basis to deny Plaintiff's COVID-19 hardship forbearance request.[1] Compl. ¶¶ 20, 29-40. Plaintiff seeks to represent a class of "other consumer borrowers of [D]efendants." Compl. ¶ 23. Plaintiff seeks, among other things, the following forms of relief: (1) general and compensatory damages; (2) treble damages; (3) punitive damages; (4) restitution; (5) declaratory relief; (6) injunctive relief; and (7) attorneys' fees and costs. Compl. at p. 7. Plaintiff seeks class-wide relief in the form of an injunction against "all foreclosure activity in the State of California". Compl. at p. 7 ¶ 9.

**II.   GROUNDS FOR REMOVAL**

   **A.   This Action is Removeable Under the Class Action Fairness Act of 2005**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . ." 28 U.S.C. § 1441(a). "To be removable under CAFA, a 'class action' must be 'filed under' Rule 23 or a state law equivalent." *Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027, 1040 (9th Cir. 2014) (citing U.S.C. § 1332(d)(1)(B)). "The appropriate inquiry is therefore whether a complaint seeks class

---
[1] The Complaint identifies three causes of action. *See* Compl. at p. 1. However, Plaintiff only pleads one cause of action in the body of the Complaint. *See* Compl. at pp. 5-8.

status." *Id*. This Court has original jurisdiction because this action is removeable under CAFA. Plaintiff's Complaint seeks class certification based on allegations that "[t]he claims of the plaintiff are typical of those of the class and plaintiff will fairly and adequately represent the interests of the class." Compl. ¶¶ 23-28. "CAFA provides that '[a] class action' may be removed to federal court by 'any defendant without the consent of all defendants.'" *Home Depot USA, Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (citing 28 U.S.C. § 1453(b)).

Additionally, CAFA requires: (1) the aggregate number of members in the proposed class is 100 or more; (2) the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interests and costs"; and (3) the parties are minimally diverse, meaning, "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2), (d)(5)(B). For the following reasons, and as shown in the accompanying declaration of Melissa Sequete ("Sequete Decl."), these requirements are met, and this matter is removable.

**1.   This is a Putative Class Action in Which the Aggregate Number of Members is 100 or More**

Plaintiff's putative class action contains 100 or more members. Plaintiff seeks to represent "other consumer borrowers of defendants" where Fay improperly denied a borrower's forbearance request under the Act. Compl. ¶¶ 20, 29-40. Plaintiff seeks class-wide relief in the form of an injunction against "all foreclosure activity in the State of California". Compl. at p. 7 ¶ 9. Fay's research reveals that it has responded to forbearance requests from more than 100 borrowers since August 31, 2020—the date the Act was signed into law[2]. *See* Sequete Decl. at ¶¶ 4, 5. There are also more than 100 borrowers currently facing foreclosure in California. *Id.* Thus, the aggregate number of members of Plaintiff's putative class exceeds 100.

**2.   The Amount in Controversy Exceeds $5,000,000**

CAFA permits courts to aggregate the claims of the individual class members "to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6).

---

[2] California Legislative Information, *AB-3088 Tenancy: rental payment default: mortgage forbearance: state of emergency: COVID-19* (Sept. 1, 2020, 10:00 AM). A copy of the text can be accessed here (last visited May 22, 2021).

Plaintiff seeks "damages in the sum of $100.0 [*sic*] million distributable to the class members upon showing of damages." Compl. ¶ 28. Plaintiff also seeks $10 million in general, compensatory, and consequential damages. *Id.* at Prayer for Relief, ¶¶ 1, 2, 4. Thus, the amount in controversy requirement is met.

### 3.   The Parties are Minimally Diverse

"Under CAFA there is sufficient diversity to establish federal diversity jurisdiction so long as one class member has citizenship diverse from that of one defendant." *Broadway Grill, Inc. v. Visa Inc.*, 856 F. 3d 1274, 1276 (9th Cir. 2017) (citing 28 U.S.C. § 1332(d)(2)(A)). "[F]or purposes of CAFA, [an LLC] is 'a citizen of the State where it has its principal place of business and the State under whose laws it is organized.'" *Ramirez v. Carefusion Resources, LLC*, No. 18-cv-2852-BEN-MSB, 2019 WL 2897902, *2 (S.D. Cal. July 5, 2019) (quoting 28 U.S.C. § 1332(d)(10)).

The parties are minimally diverse. Plaintiff is a citizen of Nevada because it is a Nevada limited liability company. Compl. ¶ 1. On the other hand, Fay is a citizen of Delaware because it is a Delaware limited liability company. *Id.* ¶ 3. Additionally, defendant Civic Financial Services, LLC ("Civic") is a citizen of Delaware, defendant Entra Default Solutions, LLC ("Entra") is a citizen of Texas, and defendant Edwin Heath ("Heath") is a citizen of California. *Id.* ¶¶ 2, 4, 5. Because at least one class member has citizenship diverse from that of one defendant, CAFA's minimal diversity requirement is met.

### 4.   CAFA's Exceptions Do Not Apply To Bar Removal

This action does not fall within the exclusions to removal jurisdiction described in 28 U.S.C. §§ 1332(d)(4), (d)(9), or 28 U.S.C. § 1453(d).

Section 1332(d)(4) requires a federal court to decline jurisdiction over a class action when, among other things, "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed," and at least one defendant whose "alleged conduct forms a significant basis for the claims asserted by the proposed class . . . is a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A); *see also* 28 U.S.C. § 1332(d)(4)(B) (similarly excluding cases where "two thirds or more of" the class members and "the primary defendants, are citizens of the State in which the

action was originally filed"). Section 1332(d)(4) does not apply because Fay is not a citizen of California, the state in which the action was originally filed. Compl. ¶ 3 (allegations that Fay is a citizen of Delaware).

Sections 1332(d)(9) and 1453(d) exempt certain securities and corporate governance cases from CAFA's broad jurisdictional grant. *See* 28 U.S.C. § 1332(d)(9) (explaining that § 1332(d)(2) does not apply to cases arising under several sections of the Securities Act of 1933, several sections of the Securities Exchange Act of 1934, and certain state corporate governance laws); *id.* § 1453(d) (same). Those provisions do not bar jurisdiction because Plaintiff's claims do not arise under the Securities Act of 1933 or the Securities Exchange Act of 1934, nor do they involve state-centric corporate governance issues. *See* Compl. ¶¶ 13-40.

Thus, this action does not fall within the exclusions to removal jurisdiction described in 28 U.S.C. §§ 1332(d)(4), (d)(9), or 28 U.S.C. § 1453(d).

### III.   VENUE IS PROPER

The San Jose Division of the Northern District of California is the proper venue for this action upon removal because this "district and division embrace[s]" the Superior Court of the State of California, County of Santa Cruz, where the Complaint was originally filed. *See* 28 U.S.C. § 1441(a).

### IV.   INTRADISTRICT ASSIGNMENT

All civil actions that arise in the County of Santa Cruz shall be assigned to the San Jose Division. Northern District Local Rule 3-2(c)(e), 3-5(b).

### V.   ADDITIONAL REQUIREMENTS FOR REMOVAL ARE MET

A "defendant [has] 30 days after receipt by or service on that defendant of the initial pleading or summons…to file [a] notice of removal." 28 U.S.C. § 1446(b)(2)(B). Federal courts look to state law for determining when a civil action has commenced in cases removed from state court. *See Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 686 (9th Cir. 2005) (citation omitted). Under California law, "[a] general appearance by a party is equivalent to personal service of summons on such party." Civ. Code. Proc. § 410.50(a). "[O]pposing a motion on the merits, ordinarily constitute a general appearance." *Serrano v. Stefan Merli Plastering Co., Inc.*, 162 Cal.App.4th 1014, 1029

(2008); *see Levine v. Berschneider*, 56 Cal.App.5th 916, 923 (2020) ("Appellant made a general appearance when he filed a written opposition to the ex parte application in which he addressed the merits of the application…"). This Notice of Removal is timely filed. On April 28, 2021, Fay and Entra appeared in the State Court Action by way of opposing (and prevailing against) Plaintiff's ex parte application for temporary restraining order. Fay and Entra filed this Notice of Removal within 30 days of its appearance. Thus, removal is timely.

As required by 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders filed in state court are being filed herewith as **_Exhibit 1_**.

Pursuant to 28 U.S.C. § 1446(d), Fay will promptly serve on Plaintiff and file with the state court a "Notice to Adverse Party of Removal to Federal Court." Pursuant to Federal Rule of Civil Procedure 5(d), defendants will also file with this Court a "Certificate of Service of Notice to Adverse Party of Removal to Federal Court."

## VI. RESERVATION OF RIGHTS AND DEFENSES

Defendants expressly reserves all of its defenses and rights, and none of the foregoing shall be construed as in any way conceding the truth of any of Plaintiff's allegations or waiving any of defendants defenses. *See, e.g., Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 691 (S.D. Ohio 2006) ("[T]he fact that Defendant removed the case does not mean that Defendant concedes that Plaintiff has adequately alleged appropriate damages.").

## VII. CONCLUSION

WHEREFORE, defendants pray that the State Court Action should proceed in the United States Court for the Northern District of California, as an action properly removed thereto.

Dated: May 28, 2021

PERKINS COIE LLP

By: /s/ Tom Abbott
David T. Biderman, Bar No. 101577
Thomas N. Abbott, Bar No. 245568
Simon M. Feng, Bar No. 295360

Attorneys for Defendants
Fay Servicing, LLC and Entra Default Solutions, LLC